UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAMON L. CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16CV485 CEJ |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter is before the Court on petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also before the Court is petitioner's motion to stay this action or hold it in abeyance.

## Background

In 1996, a St. Louis County, Missouri jury found petitioner guilty of first-degree murder, first degree assault and two counts of armed criminal action. Petitioner, who was a juvenile at the time he committed the offenses, was sentenced to a term of life imprisonment without the possibility of parole for murder first-degree and a concurrent term of life imprisonment for armed criminal action.

Petitioner sought state and federal habeas relief after the conviction. *See Caldwell v. Dormire*, 4:01CV749 DJS (E.D.Mo. 2004). Petitioner's request for authorization to file a successive habeas application was denied by the Eighth Circuit Court of Appeals on June 8, 2005. *See Caldwell v. Kemna*, No. 05-1592 (8th Cir. 2005).

1

Petitioner filed a second request for petition for permission to file a successive habeas petition in the Eighth Circuit Court of Appeals on April 22, 2016. *See Caldwell v. Wallace*, No. 16-1965 (8th Cir. 2016). The request is still pending. Petitioner filed the instant petition on April 8, 2016.

**Discussion**

In his petition, petitioner seeks relief based on *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). In *Miller*, the Court held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. In *Montgomery*, the Court made its ruling in *Miller* retroactive.

Based on *Miller*, petitioner filed an application for a writ of habeas corpus in state court in May 2013. On March 15, 2016, the Missouri Supreme Court addressed the merits of petitioner's *Miller* claim and granted relief, making him parole-eligible on his life sentence for murder after he has served 25 years. Despite being granted relief, petitioner filed a motion for reconsideration on March 29, 2016. On July 19, 2016, the Missouri Supreme Court vacated its March 15, 2016 order, stating as follows: "On the Court's own motion, the Court's March 15, 2016, Order is Vacated. The motion for rehearing is overruled as moot. The petition is denied. See Senate Bill No. 590, 98th General Assembly. All other pending motions are overruled as moot. Order and mandate attached to this docket entry."

Missouri Senate Bill No. 590 authorizes persons sentenced to a term of life imprisonment without eligibility for parole before August 28, 2016, who were under 18 years of age at the time of the commission of their offenses, to submit to the parole board a petition for review of their sentences after serving 25 years of incarceration. The bill was signed by the Governor and certain

portions of it immediately became law. Thus, it appears that petitioner's application for writ of habeas corpus may have become moot.

Nonetheless, this Court does not have the power to make such a determination, because it does not have jurisdiction over petitioner's application for relief. To the extent that petitioner seeks to relitigate claims that he brought in his original habeas corpus petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, petitioner has not been granted leave to file a successive habeas petition in this Court. Therefore, the instant petition must be dismissed.

An order of dismissal will be filed separately.

Dated this 11th day of August, 2016.

                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE